Lopez v G.P. Castle Realty, LLC (2019 NY Slip Op 07744)





Lopez v G.P. Castle Realty, LLC


2019 NY Slip Op 07744


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10233 305744/10 84018/12 83985/14

[*1] Lisette Lopez, Plaintiff,
v
G.P. Castle Realty, LLC, Defendant.
G.P. Castle Realty, LLC, Third-Party Plaintiff,
v
M & M Castle Deli Grocery Corp., Third-Party Defendant.
G.P. Castle Realty, LLC, Second Third-Party Plaintiff-Appellant,
v
Ahmed Alsaedi, Second Third-Party Defendant-Respondent.


Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Louise M. Cherkis of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown (Christi Kunzig of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about April 16, 2019, which denied second third-party plaintiff's (Castle) motion for summary judgment on the second third-party complaint, and granted second third-party defendant's (Alsaedi) motion for summary judgment dismissing the second third-party complaint, unanimously affirmed, with costs.
Alsaedi, a commercial tenant in a property owned by Castle, established prima facie that he owes neither contractual nor common-law indemnification to Castle in connection with plaintiff's trip and fall on the sidewalk outside Alsaedi's store (see Puchalsky v Historic Travel Agency , 236 AD2d 279 [1st Dept 1997]). Alsaedi's evidence shows that he did not occupy or control any part of the sidewalk, as required by the indemnification provision in the lease. With respect to common-law indemnification, the lease placed the obligation to make structural repairs, which include repairs to broken concrete sidewalks, on Castle, not on him, and he had never made any changes to the sidewalk, curb, or parking lot during his tenancy.
In opposition, Castle failed to raise an issue of fact.
We have considered Castle's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK